

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| PROTECTIVE LIFE INSURANCE COMPANY,<br>　　　　Plaintiff,<br><br>vs.<br><br>ROSE HENDERSON and DIANE LEE AUMAN,<br>　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION No. 1:21-cv-2789-MGL |

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION FOR DISCHARGE AND DISMISSAL
AND DISMISSING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR ATTORNEY
FEES**

　　Plaintiff Protective Life Insurance Company (Protective) brought this interpleader action against Defendants Rose Henderson (Henderson) and Diane Lee Auman (Auman) (collectively, Defendants) due to a dispute over the proper beneficiary to a life insurance policy.  The Court has jurisdiction under 28 U.S.C. § 1332.  Pending before the Court are Protective's motion for discharge and dismissal and motion for attorney fees.

　　In its motion for discharge and dismissal, Protective asks the Court to discharge it from liability related to the disputed policy; enjoin Defendants, and anyone acting directly or indirectly on their behalf, from instituting or maintaining any action against it related to the disputed policy; and dismiss it from this matter with prejudice.  Auman consented to the motion, but Henderson opposed the motion because discovery remained ongoing and she may assert counterclaims.

1

Here, the Court extended the deadline to amend the pleadings to July 20, 2022. Yet, that date has passed and Henderson failed to assert any counterclaims. And, the Court also extended the discovery deadline to October 14, 2022. That deadline has passed as well; however, the Court held an informal discovery conference because Henderson seeks additional discovery.

Protective properly invoked this interpleader action and deposited the funds to the Court. *See* Fed. R. Civ. P. 22 (explaining that "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead"). At this late juncture, Protective is merely a disinterested third-party to the dispute between Auman and Henderson. In other words, it is no more than a witness. The Court will therefore grant the motion for discharge and dismissal. *See Leimbach v. Allen*, 976 F.2d 912, 915 (4th Cir. 1992) (recognizing dismissal of interpleader plaintiff under Rule 22).

Protective also requests attorney fees associated with bringing the motion for discharge and dismissal. Although Rule 22 is silent on the matter of attorney fees, other courts have determined that the Court may award such fees in its discretion. *See, e.g.*, *Aaron v. Mahl*, 550 F.3d 659, 667 (7th Cir. 2008) ("[A] court may award attorneys' fees and costs to a prevailing stakeholder in an interpleader action if the costs are determined to be reasonable and the stakeholder's efforts are not part of its normal course of business.").

Protective indicated it would file an attorney fee petition in connection with its reply, but it failed to do so. The Court therefore cannot determine whether the requested fees are reasonable. It will thus dismiss the motion for attorney fees without prejudice.

Accordingly, having carefully considered the motions, the response, the reply, the record, and the applicable law, it is the judgment of the Court Protective's motion for discharge and dismissal is **GRANTED** and its motion for attorney fees is **DISMISSED WITHOUT**

**PREJUDICE**.  Protective is hereby **DISMISSED WITH PREJUDICE** from this interpleader action.  Finally, Protective's also-pending motion for summary judgment is **DEEMED AS MOOT**.

       **IT IS SO ORDERED**.

    Signed this 3rd day of November 2022, in Columbia, South Carolina.

                                              s/ Mary Geiger Lewis
                                              MARY GEIGER LEWIS
                                              UNITED STATES DISTRICT JUDGE