

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| PROTECTIVE LIFE INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Civil Action No. 1:21-02789-MGL |
| ROSE HENDERSON and DIANE LEE AUMAN, | § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER
DENYING AUMAN'S MOTION FOR SUMMARY JUDGMENT**

**I.     INTRODUCTION**

Plaintiff Protective Life Insurance Company (Protective) brought this interpleader action against Defendants Rose Henderson (Rose) and Diane Lee Auman (Auman) due to a dispute over the proper beneficiary to a life insurance policy. The Court has jurisdiction under 28 U.S.C. § 1332.

Pending before the Court is Auman's motion for summary judgment. Having carefully considered the motion, the response, the reply, the surreply, the record, and the applicable law, it is the judgment of the Court the motion will be denied.

**II.     FACTUAL AND PROCEDURAL HISTORY**

This case involves a dispute over whether Auman or Rose is entitled to the proceeds of a Protective life insurance policy (the Policy) on the life of Joseph Henderson (Joe).

Although Auman and Joe were at certain points in a romantic relationship, it appears they were never legally married. Rose was Joe's mother.

The relevant timeline is as follows:

| | |
|---|---|
| September 10, 1995 | Protective's predecessor company issued the Policy in the amount of $200,000. Joe's spouse at the time, Cari Henderson, was the original primary beneficiary. |
| December 6, 2012 | Protective received a change of beneficiary form purporting to designate Rose as the primary beneficiary of the policy. |
| June 6, 2019 | Protective received a copy of a "will questionnaire booklet," reflecting Auman should be designated as primary beneficiary of Joe's estate, as well as his healthcare power of attorney. Most of the form was filled in by Auman, although it purportedly bears Joe's signature. |
| | Protective received a copy of a Mutual of Omaha change of beneficiary form, for another insurance policy of Joe's (Mutual of Omaha Policy), designating Auman (listed as Joe's spouse) as the irrevocable primary beneficiary of that policy. Specifically, the form reflects a checked box that states that if the box is checked, future changes to the policy or beneficiaries "may not be made by the Policyowner(s)/Trustee(s) without the consent of the Irrevocable Primary Beneficiary(ies)[.]" Mutual of Omaha Change of Beneficiary Form at 2. Again, Auman completed the form in her own handwriting, and Joe purportedly signed it. |
| June 7, 2019 | Protective received a change of beneficiary form purporting to designate Auman (listed as Joe's fiancée) as the primary beneficiary of the Policy (the Auman Designation). |
| | Auman had also completed this form in her own handwriting. She provided her personal email address as the new point of contact for Protective. She also changed the mailing address from Joe's place of residence to a different property Joe owned. The form purports to bear Joe's signature and the signature of a witness. |
| June 20, 2019 | A Protective employee flagged the Policy for further review because of the multiple beneficiary changes. It is unknown whether any review occurred. |
| September 13, 2019 | Joe and Auman were involved in a domestic dispute. |

2

| | |
|---|---|
| September 23, 2019 | Joe contacted a law firm about creating a will that named Rose as personal representative and recipient of his personal effects and any residue and remainder of his property. |
| September 25, 2019 | Mutual of Omaha processed a change of beneficiary form Joe had filed sometime that month, which named Rose as primary beneficiary of the Mutual of Omaha Policy and removed Auman. An affidavit from a Mutual of Omaha employee indicates Joe told him he wished to remove Auman because of physical abuse and financial fraud. The documentation fails to acknowledge Auman's purported status a "irrevocable" primary beneficiary. |
| September 25, 2019 | Joe requested a change of beneficiary form from Protective. |
| October 14, 2019 | Joe executed his will, which named Rose as personal representative and recipient as described above. It also named his son, Jordan Henderson (Jordan), as a contingent representative and recipient in the case of Rose's death or disqualification and gifted certain property to Jordan by way of memorandum. It made no mention of Auman. |
| February 9, 2021 | Joe died. |
| February 16, 2021 | Jordan sent Protective an unsigned change of beneficiary form, filled out by Joe before his death, that listed Rose as the primary beneficiary and Jordan as contingent beneficiary. |
| February 20, 2021 | Protective sent Jordan a letter informing him Auman was the beneficiary of the Policy. |

Protective never wrote to Auman following Joe's death, and Auman never submitted a claim to Protective.

Protective brought this interpleader action and deposited the disputed funds with the Court. After the parties conducted discovery, the Court dismissed Protective. Auman brought this motion. Rose responded, Auman replied, and Rose filed a surreply. The Court, having been fully briefed on the relevant issues, is prepared to adjudicate the motion.

**III.   STANDARD OF REVIEW**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in her favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The moving party has the burden of proving that summary judgment is appropriate. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *Id.* at 323; *see also* Fed. R. Civ. P. 56.

A party asserting that a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Rule 56(c)(1)(A). A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995).

"[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). "Summary judgment is proper only when it is clear that there is no dispute concerning either the facts of the controversy or the

inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). The Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

**IV.     DISCUSSION AND ANALYSIS**

Before the Court turns to the parties' arguments, it will provide a brief primer on interpleader actions. Interpleader is a procedural device that allows a disinterested stakeholder to join all potential claimants in a single proceeding and deposit property with the Court for distribution. *AmGuard Ins. Co. v. SG Patel and Sons II, LLC*, 999 F.3d 238, 244 (4th Cir. 2021). "Once the property is deposited in the [C]ourt, the [C]ourt directs the claimants to interplead among themselves for their portion, and the stakeholder is discharged." *Id.* This case is in the latter stage.

Auman argues Rose has failed to establish a genuine issue of material fact that she became the beneficiary of the Policy through fraud. Rose insists she has provided evidence Joe failed to sign the June 7, 2019, change of beneficiary form designating Auman as the primary beneficiary.

The designated beneficiary of a life insurance policy is generally entitled to the proceeds. *See Rice v. Palmetto State Life Ins. Co.*, 13 S.E.2d 493, 498 (S.C. 1941) ("[S]o long as there is no change of beneficiary, the rights of the beneficiary are tangible and are protected by the law."). But, in instances involving forgery of a decedent's signature, the beneficiary designation is ineffective, and thus the next most recent beneficiary designation controls. *See Gavin v. N.C. Mut. Ins. Co.*, 217 S.E.2d 591, 593 (S.C. 1975) (reasoning life insurance policy procured by fraud is void).

5

Therefore, in this case, if the Auman Designation was void because of a forgery, Rose—the previous beneficiary—would be entitled to the proceeds of the Policy.

Rose attested in an affidavit that the signature on Auman Designation was not Joe's. Auman maintains Rose's affidavit is self-serving and insufficient to defeat summary judgment.

Generally, a plaintiff's "self-serving opinion . . . cannot, absent objective corroboration, defeat summary judgment." *Williams v. Giant Food Inc.*, 370 F.3d 423, 433 (4th Cir. 2004) (citations omitted). But, self-serving testimony can show a genuine issue of material fact if based on personal knowledge or firsthand experience. *See Berry v. Chicago Transit Auth.*, 618 F.3d 688, 691 (7th Cir. 2010) ("It is worth pointing out here that we long ago buried—or at least tried to bury—the misconception that uncorroborated testimony from the non-movant cannot prevent summary judgment because it is 'self-serving.'" (internal citation omitted)); *see also Pfaller v. Amonette*, 55 F.4th 436, 450 (4th Cir. 2022) ("[S]elf-serving affidavits offered by the non-movant can sometimes defeat summary judgment.").

Here, Rose's assertion that the signature was a forgery is an opinion, but it is evidently based on Rose's personal and firsthand experience, as Joe's mother, of having observed Joe's signature.

But, Rose submits other circumstantial evidence that she argues supports an inference of fraud, and thus constitutes objective corroboration, as required by *Williams*. *Cf. Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) ("Unsupported speculation is not sufficient to defeat a summary judgment motion."). Auman insists much of Rose's additional evidence is inadmissible.

For example, Rose attaches an affidavit by Robert Reichert (Reichert), who states that when he accompanied Joe to a property Joe owned in Jackson, South Carolina, following the

September 2019 domestic dispute, Joe "was shocked to discover" three or four letters from various life insurance companies regarding policies naming Auman as beneficiary. Reichert Affidavit ¶ 6. Reichert explains that "Joe was adamant that he did not want Diane Auman to be the beneficiary of any policy of insurance on his life and that he only wanted his mother, Rose Henderson, to inherit from him if he pre-deceased her." *Id.*

The Court agrees some of Reichert's affidavit likely contains inadmissible hearsay. But, the portions discussed in this order appear to be admissible, either because they fail to constitute hearsay or a hearsay exception applies. *See, e.g.*, Fed. R. Evid. 803(2) ("A statement relating to a startling event or condition, made while the declarant was under the stress of the excitement that it caused" is unexcluded by the rule against hearsay.). Moreover, the Court declines to exclude Reichert's testimony on the ground his identity was undisclosed to Auman. Auman has failed to present any evidence Rose violated the rules pertaining to discovery.

Reichert's experience bolsters Rose's contention that Auman fraudulently changed the contact information attached to the Policy to her personal email address and a mailing address different from where Joe resided so he would remain unaware that she had forged his signature and made herself the beneficiary of the Policy.

And, the evidence shows that soon after the time Reichert says Joe discovered this alleged duplicity, Joe took steps to redesignate Rose, supporting the argument he was unaware of the designations before that time. As described above, Joe requested change of beneficiary forms from Mutual of Omaha and Protective, and submitted the Mutual of Omaha form. He also changed his will to remove Auman.

Auman argues the evidence tells a different story: that Joe validly submitted the Auman Designation of his own volition, but reconsidered after their fight in September 2019. For

7

whatever reason, Auman maintains, Joe refrained from removing Auman as beneficiary of the Policy during the seventeen months between the fight and his death.

True, Joe never told Protective the Auman Designation was fraudulent. Instead, he merely requested a change of beneficiary. And, Rose fails to explain why the Auman Designation bears a witness signature purportedly confirming Joe signed the form.

Rose may have a difficult time at trial explaining away the witness signature and convincing a jury to believe her self-serving opinion that Joe's signature was forged. But, on a motion for summary judgment, the Court "cannot weigh the evidence or make credibility determinations." *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 569 (4th Cir. 2015). Based on Rose's evident experience having observed Joe's true signature and, more importantly, the objective corroboration she provides, the Court determines that a genuine issue of material fact exists in this case.

A reasonable jury could find that the Auman Designation is void and Rose is entitled to the proceeds of the Policy. The Court will therefore deny Auman's motion for summary judgment on this ground. It need not consider Rose's substantial compliance argument, which appears potentially meritorious, nor Auman's other contentions. *See Karsten v. Kaiser Found. Health Plan of Mid-Atlantic States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest dicta.").

## V.     CONCLUSION

For the reasons stated above, it is the judgment of the Court Auman's motion for summary judgment is **DENIED**.

**IT IS SO ORDERED.**

Signed this 8th day of May 2023, in Columbia, South Carolina.

                                                          s/ Mary Geiger Lewis  
                                                          MARY GEIGER LEWIS  
                                                          UNITED STATES DISTRICT JUDGE